UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DUANE REITZ,

Plaintiff,

v.

DOUGLAS GILLESPI, *et al.*,

Defendants.

Case No. 3:16-cv-00011-MMD-VPC

SCREENING ORDER

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted an amended civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. (ECF No. 11, 7.) The Court now screens Plaintiff's amended civil rights complaint pursuant to 28 U.S.C. § 1915A.

I.    **SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.   SCREENING OF AMENDED COMPLAINT

Plaintiff sues multiple defendants for events that occurred at Clark County Detention Center ("CCDC") and High Desert State Prison ("HDSP"). (ECF No. 11 at 1-4.) Plaintiff sues Defendants Douglas Gillespi, John Doe, R. Strader, D. Freeman, James McLane, Dr. Zinser, Dwight Neven, and Dr. Sanchez. (*Id.*) Plaintiff alleges five counts and seeks monetary damages. (*Id.* at 6-17.)

Upon review of Plaintiff's amended complaint, it appears that Plaintiff has filed his original complaint with minor additions made on a few pages. With the exception of these noted additions, the amended complaint is a verbatim recitation of the original complaint that the Court dismissed for failure to state a claim. (*Cf.* ECF No. 1 and ECF No. 11.) One such addition is at the bottom of page 5, where Plaintiff has written: "Defendants are classified by location of violation "a" - arrest/transport; "b"- CCDC; "c"-

1    HDSP. 1) Deft's Gillespi, Strader, Freeman of Las Vegas Metro Police Dept - ("a"
2    Defts). 2) Deft's James McLane, Dr. Zinser of Naphcare, Inc. - ("b" Defts). 3) Deft's
3    Nevens and Dr. Zinser violated Pltf's rights and have the same type of complaints and
4    violations as outlined in McLane and Dr. Zinser." (ECF No. 11 at 5.)

5         In the Court's first screening order entered June 27, 2016, the Court discussed
6    Plaintiff's grouping of defendants into groups A, B, and C and stated: "[D]escribing the
7    actions of the defendants by grouping them together is improper for identification of *who*
8    committed the alleged constitutional violations. Particularly with respect to supervisory
9    defendants, allegations must be made that show their *personal* participation in the
10   alleged conduct. The Court . . . advises that upon amendment, Plaintiff must detail what
11   each defendant, *by name*, did to violate his constitutional rights." (ECF No. 10 at 6
12   (emphasis in original.))

13        Plaintiff has not cured the deficiencies identified in his complaint. Merely adding a
14   few paragraphs to clarify *how* he has grouped the defendants is not sufficient for
15   identifying who specifically committed the alleged constitutional violations. Liability
16   under section 1983 arises only upon a showing of personal participation by the
17   defendant. *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir.1979). Vague and conclusory
18   allegations of official participation in civil rights violations are not sufficient. *See Ivey v.*
19   *Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

20        Plaintiff has again failed to identify which specific defendants were responsible
21   for the alleged deliberate indifference to his seizures and broken leg. (*See* ECF No. 10
22   at 7.) The Court specifically advised Plaintiff that grouping the defendants in the manner
23   he did was improper for identifying who committed the alleged constitutional violations.
24   (*Id.* at 6.) Plaintiff did not cure these deficiencies upon amendment. Other than adding a
25   few paragraphs restating which defendants were in which group (A, B or C), Plaintiff's
26   amended complaint is identical to his first, insufficient, complaint.

27        The Court dismisses Plaintiff's amended complaint, without prejudice, but without
28   leave to amend. The Court has already directed Plaintiff to amend his complaint once

4

and Plaintiff's amended complaint is a copy of his first complaint with a additional few paragraphs. The Court specifically identified that the major deficiency with Plaintiff's initial complaint was that he grouped the defendants together and did not identify them individually in his complaint. Without identifying them by name, the Court could not properly screen the complaint to determine who personally participated in the alleged violations. That inadequacy has not been remedied upon amendment. The Court was clear in its first screening order that "Plaintiff must detail what each defendant, *by name*, did to violate his constitutional rights" and Plaintiff's amended complaint does not show that Plaintiff even made a legitimate attempt to comply with the Court's directive. Accordingly, Plaintiff's amended complaint is dismissed in its entirety, without prejudice, and without leave to amend.

## III.   CONCLUSION

For the foregoing reasons, it is ordered that Plaintiff's application to proceed *in forma pauperis* (ECF 7) is denied as moot.

It is further ordered that Plaintiff's amended complaint (ECF No. 11) is dismissed in its entirety, without prejudice.

It is further ordered that the Clerk of the Court close this case..

It is further ordered that this Court certifies that any *in forma pauperis* appeal from this order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

DATED THIS 8th day of September 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

5